**Franklin C. BLACK, Plaintiff and Appellee,**

v.

**H.N. PETERSON, individually and as Personal Representative of the Estate of Ellen Elizabeth Magnuson, Deceased, Defendant and Appellant.**

Civ. No. 880292.

Supreme Court of North Dakota.

June 27, 1989.

Haugland, Heustis & Halbach, Devils Lake, for plaintiff and appellee, argued by Evan Heustis. Appearance by Peter K. Halbach, Devils Lake.

Fleming, DuBois & Trenbeath, Cavalier, and F. Lorene Whitesides Larson, Park River, for defendant and appellant, argued by Neil W. Fleming, Cavalier.

ERICKSTAD, Chief Justice.

H.N. Peterson has appealed from a district court judgment decreeing that Franklin C. Black is the sole owner of certain farmland and requiring Peterson to "render an accounting of his trusteeship of the land." We affirm.

Black was born in 1958. He lived with his grandmother, Ellen Magnuson, until he was nine years old, when Magnuson arranged for him to live with Peterson, who became Black's legal guardian. Black lived with Peterson until he was seventeen years old.

In 1971, Magnuson conveyed her farmland to Black, reserving a life estate. Peterson was aware of this conveyance, but Black was not told about it. In 1980, Black sought to borrow $25,000 from Magnuson, who "agreed either to lend or to give him $25,000.00 if he would 'sign over' his interest in the farmland to her." Black signed a deed conveying his interest in the farmland to Magnuson on August 6, 1980. Black testified that he did not then know that he owned the property as a result of the 1971 conveyance. Black testified that he did not read the document conveying his interest in the farmland before signing it, and that Peterson told him to "get the paper signed for the loan and don't ask any questions." Black testified that it was his normal procedure not to read documents Peterson told him to sign. On October 10, 1980, Magnuson executed a new will leaving the farmland to Peterson. Magnuson died in 1981. The trial court made the following findings of fact:

"V.

"Mr. Peterson and his wife, Irene, acted as plaintiff's 'substitute parents' while he lived with them and after he moved out to live on his own.

\* \* \* \* \* \*

"X.

"After plaintiff moved to the Peterson home in 1967 he continued to have almost daily contact with his grandmother, helping and working on the farm with Mr. Peterson. Mrs. Magnuson continued to have a very close, caring affection for the plaintiff.

\* \* \* \* \* \*

"XXVIII.

"Plaintiff first learned from his attorney in 1982 the true nature and value of the interest he had deeded back to his grandmother.

"XXIX.

"The farmland to which plaintiff had deeded away his remainder interest on August 6, 1980, for $25,000.00, was valued in Mrs. Magnuson's estate as of June 29, 1981, at $298,605.00.

"XXX.

"During the late 1970's, after plaintiff had moved out of the Peterson home, Mr. Peterson had continued to give plaintiff his advice, had co-signed promissory notes for plaintiff as an accommodation maker, and had lent plaintiff money.

"XXXI.

"Though sometimes stormy, plaintiff's relationships with his grandmother and with Mr. Peterson were ones in which plaintiff trusted them, and often relied upon their advice, both before and after he reached his majority."

The trial court also found that the testimony of Peterson and his son "gives rise to a question of fabrication, and raises doubt as to their credibility" and that "[m]uch of defendant's testimony in court was contradicted by his deposition testimony, the exhibits, and the testimony of others."

The trial court concluded[1] that Peterson and Magnuson had voluntarily assumed relations of personal confidence with Black, which they continued to hold throughout the summer and fall of 1980, and that they "failed to act in the highest good faith as to the plaintiff." The court also concluded:

"V.

"Because Ellen Elizabeth Magnuson obtained the conveyance of her grandson's remainder interest by violation of a trust arising out of a relation of personal confidence, she then held that interest in the farmland subject to an implied trust.

"VI.

"The defendant, H.N. Peterson, received the farmland pursuant to the will of Ellen Elizabeth Magnuson in violation of that implied trust. As he did not purchase the land in good faith for a valuable consideration, he therefore holds the land as an implied trustee for the benefit of the plaintiff."

The judgment decrees Black to be the owner of the farmland and requires Peterson to render an accounting of his trusteeship of the land.

At the outset, we note that this case is "dependent on weighing of testimony" [*First Nat'l Bank v. Meyer Enterprises, Inc.*, 427 N.W.2d 328, 331 (N.D.1988)]. The trial court doubted Peterson's credibility and found that much of his testimony was "contradicted by his deposition testimony, the exhibits, and the testimony of others." In reviewing factual determina-

---

1. While the trial court denominated as conclusions of law his determinations on relations of personal confidence, the failure of Peterson and Magnuson to act in the highest good faith, and the existence of an implied trust, we treat such matters as questions of fact. *See, e.g., Estate of Zins by Kelsch v. Zins*, 420 N.W.2d 729 (N.D. 1988) (relation of personal confidence); *Dangerfield v. Markel*, 278 N.W.2d 364 (N.D.1979) (good faith); and *Paulson v. Meinke*, 389 N.W. 2d 798 (N.D.1986) (constructive trust, which is one of two types of implied trusts in North Dakota).

tions, we do not judge the credibility of witnesses. *State v. Saavedra*, 406 N.W.2d 667 (N.D.1987). "It is well settled that credibility of witnesses and the weight to be given their testimony are exclusively functions of the trial court." *Gronneberg v. Gronneberg*, 412 N.W.2d 84, 94 (N.D. 1987).

■ Peterson contends that the trial court's findings that Magnuson and Peterson held relations of personal confidence with Black throughout the summer and fall of 1980 are clearly erroneous. We disagree. "[A] party must establish a 'relation of personal confidence' by a preponderance of the evidence." *Estate of Zins by Kelsch v. Zins, supra*, 420 N.W.2d 729 at 731 (N.D.1988). Magnuson was Black's grandmother and Peterson was a substitute parent. "A confidential relation ... is particularly likely to exist where there is a family relationship...." *Paulson v. Meinke, supra*, 389 N.W.2d 798 at 801 (N.D.1986) [quoting 1 Restatement (Second) of Trusts § 2, Comment *b* (1957)]. We will conclude that findings of fact are clearly erroneous only if, on reviewing the entire evidence, we are "left with a definite and firm conviction that a mistake has been made." *In re Estate of Elmer*, 210 N.W. 2d 815, 820 (N.D.1973). We are not convinced that the trial court made a mistake. We conclude, therefore, that the challenged findings are not clearly erroneous.

Peterson contends that the trial court erred in not allowing him to introduce evidence of Black's misconduct toward Magnuson. From our review of the record, we conclude that the trial court did not preclude Peterson from introducing that evidence. The trial court merely ruled that Peterson could not introduce such evidence through cross-examination of Black beyond the scope of Black's direct examination during the presentation of Black's case in chief. The trial court did not prevent Peterson from calling Black during Peterson's case in chief to examine him about his conduct toward Magnuson.

■ Peterson contends that the evidence does not support the trial court's conclusion that an implied trust existed.

We disagree. "[I]f a person assumes a relation of personal confidence he becomes a trustee, and any transaction he enters into with the other person by which he gains an advantage is presumed to be made under undue influence." *Estate of Zins by Kelsch v. Zins, supra*, 420 N.W.2d at 731. *See also* §§ 59–01–08 and 59–01–16, N.D.C. C. The highest good faith is required of a trustee, who is not to profit from dealing with trust property. Sections 59–01–09 and 59–01–10, N.D.C.C. A constructive trust may be imposed when property is acquired in violation of a fiduciary duty or confidential relationship. *Paulson v. Meinke, supra*. A party seeking imposition of a constructive trust must prove its existence by clear and convincing evidence. *Id.* "[U]nder the clear and convincing standard, the evidence must be such that the trier of fact is reasonably satisfied with the facts the evidence tends to prove as to be led to a firm belief or conviction." *Zundel v. Zundel*, 278 N.W.2d 123, 130 (N.D. 1979). Here, "the record contains substantial evidence sustaining the decision of the trial judge that may fairly be said to comply with the requirement that the proof be clear and convincing, [and] this court will not substitute its judgment for that of the trial court." *Id.*, at 130.

■ Peterson contends that the trial court's finding that Peterson colluded with Magnuson to have Black convey his remainder interest in the farmland to Magnuson without adequate disclosure is clearly erroneous. We disagree. The evidence, when considered in the light most favorable to the findings, discloses that: (1) Peterson advised Magnuson not to convey the farmland to Black in the first instance and never told Black that he owned the land; (2) Peterson repeatedly urged Black to go to Park River and sign the papers for the $25,000 Black was to receive from Magnuson in 1980; (3) Peterson told Black to "get the paper signed for the loan and don't ask any questions;" and (4) very soon after Black signed the deed conveying his remainder interest in the farmland to Magnuson, Magnuson changed her will to leave the farmland to Peterson. The trial court's

finding of collusion is a permissible inference that could be drawn from the evidence and is not clearly erroneous.

The judgment is affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.