2001 ND 36

Donald SCHROEDER and Evelyn A. Schroeder, Plaintiffs and Appellees,

v.

Dennis BUCHHOLZ, Defendant and Appellant,

and

Donna Buchholz, Defendant and Appellee.

No. 20000191.

Supreme Court of North Dakota.

Feb. 15, 2001.

Don R. Krassin (argued), Krassin Law Office, Wahpeton, ND, for plaintiffs and appelleęs Donald Schroeder and Evelyn A. Schroeder.

Samuel S. Johnson, Wahpeton, ND, for defendant and appellee Donna Buchholz.

John D. Bullis (argued), Lies & Bullis, Wahpeton, ND, and Tracey R. Lindberg, Lindberg Law Firm, Breckenridge, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Dennis Buchholz appeals from a district court order imposing a constructive trust in favor of Donald and Evelyn Schroeder. Concluding the elements of a constructive trust were sufficiently established but the district court's remedy was

improper, we affirm in part, reverse in part, and remand for further proceedings.

## I

[¶ 2] In 1981 Dennis and Donna Buchholz, along with Donna Buchholz's parents—Donald and Evelyn Schroeder, inspected a 23–acre[1] tract of land for sale near Colfax, North Dakota. Prior to closing the purchase, the Schroeders gave the Buchholzes a paper bag containing $19,750 in cash, which, along with the Buchholzes' assumption of a note, was used to purchase the property for $39,500. The Buchholzes were deeded the property as joint tenants.

[¶ 3] The Buchholzes moved into a house on the property, and the Buchholzes and Schroeders jointly improved the house and property. In 1984 a second house was moved onto the property and has since been occupied by the Schroeders. In 1998 the Buchholzes sought a divorce and separated. Donna Buchholz moved away, while Dennis Buchholz remained on the property and continued to run his business that is collocated on the property. The Schroeders sued Dennis and Donna Buchholz, seeking partition of the property and the right to remain on the property and in the home.

[¶ 4] The district court granted the Schroeders a lifetime right to reside in their home and lifetime use of 1.03 acres surrounding the house. The district court's order provided that upon the death of the Schroeders, the property and house will revert to Dennis and Donna Buchholz. Dennis Buchholz timely appealed.[2] The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] "An implied trust is one that is created by operation of law."

N.D.C.C. § 59–01–05. There are two types of implied trusts: resulting and constructive. *Loberg v. Alford,* 372 N.W.2d 912, 915 (N.D.1985). A constructive trust is an equitable remedy to compel a person "who unfairly holds a property interest to convey such interest to the rightful owner." *Id.* (quoting *Scheid v. Scheid,* 239 N.W.2d 833, 837–38 (N.D.1976)). A constructive trust is imposed to prevent the unjust enrichment of the person wrongfully interfering with the owner's possession of the property. *Id.* (citations omitted). An implied trust, whether resulting or constructive, must be established by clear and convincing evidence. *McCarney v. Knudsen,* 342 N.W.2d 380, 385 (N.D.1983); *Scheid,* 239 N.W.2d at 838.

## A

[¶ 6] The district court considered only the constructive-trust theory because the court concluded the plaintiffs withdrew their resulting-trust theory. Although a constructive trust must be proven by clear and convincing evidence, whether a relationship of personal confidence exists need be proven only by a preponderance of the evidence. *Matter of Estate of Bendickson,* 353 N.W.2d 320, 323 (N.D.1984); *Loberg v. Alford,* 372 N.W.2d 912, 915 (N.D.1985); *Estate of Zins by Kelsch v. Zins,* 420 N.W.2d 729, 733 (N.D.1988).

[¶ 7] The existence of a confidential relationship and the existence of an implied trust are questions of fact. *Black v. Peterson,* 442 N.W.2d 426, 428 n. 1 (N.D.1989). Findings of fact are subject to a clearly erroneous standard of review. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Nastrom v. Nastrom,* 284 N.W.2d 576, 580 (N.D.1979) (citations omitted).

---

1. Some dispute apparently exists as to whether the tract of land is 23 or 24 acres. The district court found it is 23 acres.

2. Donna Buchholz did not file a brief or argue on appeal, but advised this Court that she joined the Schroeders' claim that a constructive trust was properly imposed in their favor.

[¶ 8] Buchholz argues the trial court's findings are insufficient because they are not based upon the implied-trust elements identified in N.D.C.C. § 59–01–06. A constructive trust has two essential elements: unjust enrichment and a confidential relationship. *Paulson v. Meinke,* 389 N.W.2d 798, 801 (N.D.1986). A confidential relationship "may exist although there is no fiduciary relation; it is particularly likely to exist where there is a family relationship." *Id.* (citation omitted).

[¶ 9] "A confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another, and that such relationship is a fact to be established in the same manner and by the same kind of evidence [as] any other fact is proven." *Estate of Wenzel–Mosset by Gaukler v. Nickels,* 1998 ND 16, ¶ 25, 575 N.W.2d 425 (citations omitted).

[¶ 10] Among the district court's 124 findings of fact are numerous findings evidencing a confidential relationship. The Schroeders provided one-half of the money to purchase the property.³ The parties jointly improved the property. Shortly after the purchase, the Schroeders, assisting the Buchholzes, spent "nearly every weekend" improving the property, including "trimming and removing brush, trimming and removing trees, general cleanup, remodeling of the house, removal of old out buildings and eventually remodeling of a barn into a shop." The district court classified Donald Schroeder's work on the property as extensive.

[¶ 11] Later, the parties collectively prepared the property for addition of a second home. A house was moved onto the property, and the Schroeders lived in it from 1987 until the trial. The district court found "Donald Schroeder paid for various items that went into maintenance" of the farmstead, including a well and

pressure tank system to service both houses. Later, Dennis Buchholz paid for improvements and replacements to those systems. The parties worked together on remodeling projects. The district court found Donald Schroeder "obtained at his expense and effort most of the lumber used for raising the barn" that subsequently housed a business for Dennis Buchholz.

[¶ 12] The district court found the parties' "mutual cooperation was demonstrated by the fact that they hunted together, gardened together, and canned together over the years." Further, Donald Schroeder assisted in the operation of Dennis Buchholz's business. The district court found, although the parties exchanged labor, Donald Schroeder "greatly exceeded the reciprocal work provided by Dennis Buchholz."

[¶ 13] Although included in the district court's conclusions of law, the district court found, "During the transactions that are pertinent to these proceedings Dennis Buchholz was in a confidential relationship with the Schroeders, primarily as a result of the family relationships that existed." The existence of a confidential relationship is a question of fact subject to the clearly erroneous standard of review. *Black v. Peterson,* 442 N.W.2d 426, 428 n. 1 (N.D. 1989). We conclude the district court's findings aptly set forth a confidential relationship, we are not left with a definite and firm conviction that a mistake has been made, and we therefore hold the district court did not err in finding a confidential relationship.

**B**

[¶ 14] The determination of unjust enrichment is a conclusion of law and is fully reviewable on appeal. *Matter of Estate of Zent,* 459 N.W.2d 795, 798 (N.D.1990); *Opp v. Matzke,* 1997 ND 32, ¶ 8, 559 N.W.2d 837. Unjust enrichment is an equitable doctrine applied in the ab-

---

3. The parties disagree about whether the $19,750 was a gift; the district court conclud- ed, as a matter of law, the money was a gift.

sence of a contract and used to prevent one person from being unjustly enriched at another's expense. *Apache Corp. v. MDU Resources Group, Inc.,* 1999 ND 247, ¶ 13, 603 N.W.2d 891 (citing *Zuger v. North Dakota Ins. Guar. Ass'n,* 494 N.W.2d 135, 138 (N.D.1992)). "The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value." *Zuger v. North Dakota Ins. Guar. Ass'n,* 494 N.W.2d 135, 138 (N.D.1992) (citation omitted).

[¶ 15] Five elements must be established to prove unjust enrichment:

1. An enrichment; 2. An impoverishment; 3. A connection between the enrichment and the impoverishment; 4. Absence of a justification for the enrichment and impoverishment; and 5. An absence of a remedy provided by law.

*Apache Corp. v. MDU Resources Group, Inc.,* 1999 ND 247, ¶ 13, 603 N.W.2d 891 (citations omitted). Although review would be easier if the district court had outlined these elements, after fully reviewing the record, we hold the district court did not err in concluding Buchholz would be unjustly enriched.

[¶ 16] The value of the Buchholz property has increased, due in large part to the efforts and contributions of the Schroeders. The Schroeders assisted Dennis Buchholz with his business, which was operated on the property. The Schroeders shared costs, expenses, and labor for improvements with Buchholz. The Schroeders' purchase of a well and pressure tank system to service both houses, the jointly installed and serviced heating system, and the Schroeders' purchase of lumber and materials to convert the barn into a shop are evidence of an impoverishment. The time, labor, and materials provided by the Schroeders for the overall improvement of the whole property are further evidence of an impoverishment. We conclude the district court's findings and conclusions aptly set forth an enrichment of Dennis Buchholz, an impoverishment of the Schroeders, and a connection between the enrichment and impoverishment.

[¶ 17] Unjust enrichment requires a finding by the court of the absence of a justification for the enrichment. The district court concluded the Schroeders expected a right to reside on the property for life. Although a reasonable interpretation of the facts may suggest the Schroeders' efforts and contributions were a token of familial love and affection, the district court's conclusion is equally sustainable. In light of the Schroeders' payment of half the purchase price, their contributions to the improvement of the property, the testimony indicating the Schroeders did not provide substantial gifts to their other children, and all the evidence before the court, we conclude the absence of a justification for the enrichment is supported by the district court's findings.

[¶ 18] Finally, for unjust enrichment, there must be the absence of a remedy provided by law. *Apache Corp. v. MDU Resources Group, Inc.,* 1999 ND 247, ¶ 13, 603 N.W.2d 891 (citations omitted). If, for example, there had been a contract to jointly purchase the property, there would be a concomitant remedy at law for enforcement of the contract or damages flowing from any contractual breach. *See id.* at ¶ 12 ("Unjust enrichment is an equitable doctrine, applied in the absence of an express or implied contract, to prevent a person from being unjustly enriched at the expense of another.") (citations omitted). The district court, however, specifically held that because there was no agreement to jointly purchase the property, there existed no express or implied contract rights between the parties. The district court's findings and conclusions illuminate no other basis from which the Schroeders could seek a legal remedy, and neither party raised the issue of absence of a legal remedy. We conclude the final element of un-

just enrichment—the absence of a remedy at law—is adequately demonstrated by the record.

## C

[¶ 19] We conclude the district court did not err in holding the elements of a constructive trust were sufficiently proven.

## III

[¶ 20] Having concluded the elements of a constructive trust exist, we next address the district court's remedy. The district court held there was "no agreement between the parties to have equal ownership of the 23 acres." The court held the $19,750 provided by the Schroeders was "by law a gift." The court found if the Schroeders were evicted, Dennis Buchholz would be unjustly enriched, and if the Schroeders were awarded "one-half of the property or even a smaller portion of the 23 acres," they would be unjustly enriched. The district court imposed a constructive trust, awarding Donald and Evelyn Schroeder "a joint life estate in their home and surrounding areas for each of their respective natural lives."

## A

[¶ 21] The district court imposed a "life estate" in favor of Donald and Evelyn Schroeder. The district court held, "Upon the death of the later to die of Donald Schroeder or Evelyn Schroeder the property described by the life estate shall then become the sole property of the defendants, and the constructive trust is automatically terminated and extinguished." Even though the court imposed a "life estate" in favor of the Schroeders, in stating Dennis Buchholz would "be back in Court before the ink is even dry on his paperwork" if the Schroeders attempted to rent the house, the court implied the Schroeders' interest was not alienable. It is well-settled, a life estate holder "is entitled to both the possession and the use of the property ... including the right to rents, issues, and profits generated by the

parcel during the tenant's life." 51 Am. Jur.2d *Life Tenants and Remaindermen* § 32 (2000). A life tenant "is entitled to possession and enjoyment of the property as long as the estate endures; he or she may convey or lease his or her interest, but may not disregard the rights of those who take when the life estate ends." *Id.*

[¶ 22] Discussing whether the Schroeders could rent their property, the court stated:

> Mr. Bullis has raised some questions about do they have the right to rent it out? You have to remember something here. Mr. and Mrs. Buchholz are trustees of the Life Estate. I mean I'm finding a constructive trust? What does that mean? That means that right now Mr. and Mrs. Buchholz are trustees concerning a Life Estate that's held by Mr. and Mrs. Schroeder for each of their lives. I mean let's take some of the examples. I mean I know they're extreme. I mean they let the house go. They try to rent it out. I'm assuming if that happens Mr. Buchholz is going to be back in Court before the ink is even dry on his paperwork saying look, this is a violation of the constructive trust.

[¶ 23] In addition to whether the life estate is alienable, the record reflects a great deal of discussion regarding boundary lines, use of common driveways, sharing of water and electrical services, and overall use and enjoyment of the property. The record demonstrates the district court did not create an actual life estate, but rather attempted to create a constructive trust with the duration to be measured by the lives of the Schroeders.

## B

[¶ 24] The interest created by the district court was neither a life estate nor a constructive trust. "When equity imposes a constructive trust upon an asset of the defendant, the plaintiff ultimately gets formal legal title." Dan B. Dobbs, *Law of Remedies* § 4.3(2) (2d ed.1993)

(footnote omitted). The effect of a constructive trust "is to allow the plaintiff to recover the asset in specie." *Id.* If a constructive trust is imposed, a defendant "must ultimately reconvey to the plaintiff." *Id.*

[¶ 25] Here, the district court imposed a "constructive trust" but awarded the Schroeders only a lifetime interest in the property. After concluding a constructive trust existed, the court did not order the Buchholzes to convey legal title to the Schroeders. The district court's notion that a constructive trust may be imposed with the Buchholzes as constructive trustees and without passing title to the trust beneficiaries, the Schroeders, has been described by at least one author as "esoteric metaphysics." *Id.* at § 4.3(2) n. 1 (citing I G. Palmer, *Law of Restitution* § 1.4 (1978 & Supps.; criticizing the *Restatement of Restitution*)). The notion "that title is ultimately passed when a constructive trust is declared is accurate both factually and theoretically." *Id.*

[¶ 26] Although some courts have imposed a "constructive trust" under similar circumstances, at least one author suggests the intention may have been to create an equitable lien, despite the use of constructive trust terminology. *See Kuhlman v. Cargile*, 200 Neb. 150, 262 N.W.2d 454 (1978) (imposing a "constructive trust"); *see also* Dan B. Dobbs, *Law of Remedies* § 4.3(3) n. 8 (2d ed.1993) (suggesting the *Kuhlman* court "perhaps" had an equitable lien "in mind"). An equitable lien, like a constructive trust, is imposed to prevent unjust enrichment. Dan B. Dobbs, *Law of Remedies* § 4.3(3) (2d ed.1993). A lien is placed upon the property to secure restitution. *Id.* Essentially, a constructive trust provides the plaintiff with title to specific assets, while the equitable lien attaches to an asset as security. *Id.*

[¶ 27] Because a constructive trust is founded on the concept that title to property is being wrongfully held, if the district court's remedy were truly a constructive trust, Dennis and Donna Buchholz would be required to transfer title to the Schroeders. If the district court's remedy were truly a life estate, the Schroeders would be able to convey their interest, rent the property, or otherwise partake in full use and enjoyment of the property.

[¶ 28] The construction of the remedy in this case leaves us unable to determine whether the district court has imposed a constructive trust, an equitable lien, or some other remedy. We therefore reverse and remand this matter to the district court to clarify its order.

C

[¶ 29] District courts have broad authority when fashioning an equitable remedy. *See Baker v. Minot Public School Dist. No. 1*, 253 N.W.2d 444, 451 (N.D.1977) (equity is flexible "and the power of a court of equity to grant such a remedy depends upon the factual situation involved and the need for a given remedy in a particular case"). "A lack of precedent is no obstacle to equitable relief which may be appropriate in a particular factual setting." *Id.* The attempted precedent here, however, would confuse clearly established tenets of property law and equity. Therefore, the district court's remedy was improper.

[¶ 30] Because we conclude the district court did not err in holding the elements of a constructive trust were sufficiently proven, a constructive trust may be imposed. Imposition of a constructive trust, however, would require Dennis and Donna Buchholz to transfer title of the affected portion of the property to the Schroeders.

[¶ 31] Because a constructive trust was not actually imposed by the district court, on remand the district court may choose to consider other remedies that would not confuse tenets of property law and equity. For example, the court may grant the Schroeders an equitable lien with reason-

able time to vacate the property. The district court may grant Dennis Buchholz's request for eviction with corresponding restitution to the Schroeders to offset any unjust enrichment. The court may partition a portion of the property in favor of the Schroeders. The court may order the entire property sold, with a proportionate sharing of profits. Further complicating this case, property distribution from the Buchholz divorce has not been finalized by the district court—the same court that decided the present case. Therefore, the rights and obligations of Dennis and Donna Buchholz to the property also remain undecided.

## IV

[¶ 32] Concluding the elements of an implied trust were sufficiently proven, we affirm in part. Because, however, the district court imposed an improper remedy that was neither a life estate nor a constructive trust, we reverse and remand for further consideration consistent with this opinion.

[¶ 33] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.