2003 ND 118

**Vern SYVERSEN, deceased, and Lois Syversen, Plaintiffs and Appellants,**

v.

**Shelly HESS, Defendant,**

and

**Steve Hess, Defendant and Appellee.**

**No. 20020361.**

Supreme Court of North Dakota.

July 16, 2003.

Cynthia G. Schaar of Merrick & Schaar Law Firm, Jamestown, ND, for plaintiffs and appellants.

Michael Birrenkott of Gjesdahl & Associates, Fargo, ND, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Vern and Lois Syversen appeal from the trial court's judgment and the denial of their motion to alter or amend the judgment in a land transfer dispute with Shelly and Steve Hess. We affirm.

I

[¶ 2] On June 4, 1996, the Syversens deeded farmland to their three children, including Shelly Syversen Hess. In 2001, the Syversens brought this action against Shelly and Steve Hess while a divorce was pending between the Hesses. In their amended complaint, the Syversens alleged a mistake occurred in the Hesses' warranty deed. They requested a reformation of the deed so they would retain a life estate in the transferred land or, alternatively, that they would benefit from a constructive

trust. The trial court determined no mistake occurred and no trust arose in favor of the Syversens. The Syversens moved to alter or amend the judgment, and the trial court denied the motion. The Syversens appeal.

[¶ 3] The Syversens argue the trial court erred (1) when it determined the parol evidence rule precludes consideration of mistake and implied trust, (2) when it failed to find a mistake was made in the drafting of the deed requiring the deed's reformation, and (3) when it failed to find a constructive trust in favor of the Syversens.

## II

[¶ 4] The Syversens argue the parol evidence rule allows a trial court to consider extrinsic evidence of mistake when construing a contract. We agree.

[¶ 5] Because a deed is a written contract, it is subject to the parol evidence rule. *Des Lacs Valley Land Corp. v. Herzig*, 2001 ND 17, ¶ 8, 621 N.W.2d 860. The parol evidence rule is partially codified in N.D.C.C. § 09–06–07, which provides: "[t]he execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." "The parol evidence rule is a rule of substantive law and precludes use of evidence of prior oral negotiations and agreements to vary the terms expressed in a written contract." *Des Lacs Valley Land Corp.*, 2001 ND 17, at ¶ 7, 621 N.W.2d 860. Oral testimony is incompetent and inadmissible to vary or contradict an executed and delivered quitclaim deed and to nullify the grant contained in the deed. *Id.* at ¶ 8. In *Des Lacs Valley Land Corp.*, we explained the parol evidence rule as follows:

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement: ... all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and *unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence*.

\* \* \* \*

The parol evidence rule is founded on experience and public policy and created by necessity, and it is designed to give certainty to a transaction which had been reduced to writing by protecting the parties against the doubtful veracity and the uncertain memory of interested witnesses."

*Id.* (quoting *Gajewski v. Bratcher*, 221 N.W.2d 614, 626 (N.D.1974) (citations omitted) (emphasis in original)). We have held: " '[w]here a written contract is complete in itself, is clear and unambiguous in its language and contains mutual contractual covenants agreed upon, such parts cannot be changed by parol testimony, nor new terms added thereto, in the absence of a clear showing of fraud, mistake or accident.' " *Id.* (quoting *Larson v. Wood*, 75 N.D. 9, 25 N.W.2d 100 (1946)).

[¶ 6] At trial, the Syversens argued a mistake was made in the drafting of the quitclaim deeds. The Syversens allege their children went to an attorney for help with estate planning for the Syversens. At the time, Vern Syversen suffered from the early stages of Alzheimer's disease and the children wished to have the Syversens' land transferred to protect it in the event Vern Syversen had to enter a nursing home. After reviewing options with the

drafting attorney, the children decided the parents should transfer the land to them, and in return, the parents would receive income earned from the land.

[¶ 7] The Syversens presented, and the trial court received, evidence supporting their argument of mistake. The drafting attorney testified the Syversens understood that by signing the quitclaim deeds, the land would be transferred to their children and the Syversens would receive income from the land in return. Lois Syversen testified she understood she and Vern would receive rental money from the land from their children in return for transferring the land. She also testified she would not have signed the quitclaim deeds if she had known there was any chance they would not receive the income. The Syversens argued the quitclaim deeds, as transferred, did not reflect their intentions and therefore, a mistake was made and the deeds should be reformed.

[¶ 8] The trial court determined the quitclaim deeds were unambiguous and the parol evidence rule therefore precluded the consideration of extrinsic evidence, including that of mistake. That conclusion was erroneous. However, as we have stated, a trial court's decision will not be set aside merely because the court applied an incorrect reason, if the result is the same under the correct law and reasoning. *See, e.g., Des Lacs Valley Land Corp.*, 2001 ND 17, ¶ 11, 621 N.W.2d 860. Here, although the trial court erred in determining the parol evidence rule precludes consideration of extrinsic evidence of mistake, the trial court also, as an alternative ruling, found that if all the submitted evidence were considered, the Syversens had failed to prove a mistake had been made.

### III

[¶ 9] The Syversens argue the trial court also erred when it considered

the evidence and found a mistake had not been made in the drafting of the quitclaim deed. A trial court's findings of fact are reviewed under the clearly erroneous standard of review. N.D.R.Civ.P. 52(a); *Webster v. Regan*, 2000 ND 89, ¶ 14, 609 N.W.2d 733. A trial court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support its finding, or if, although there is some evidence to support its finding, on the entire record, a reviewing court is left with a definite and firm conviction a mistake as been made. *Webster*, 2000 ND 89, at ¶ 14, 609 N.W.2d 733.

[¶ 10] The record contains evidence the Syversens intended to transfer their land in fee simple and that they did not want to reserve any interest in the land. Lois Syversen testified she and Vern asked their children to see a lawyer about transferring the land at issue. The drafting attorney testified that when he met with the children, he explained to them that reserving a life estate in the parents might cause difficulty with Medicaid. Lois Syversen testified she understood what a life estate was. She also testified that after receiving the quitclaim deeds from the drafting attorney, the Syversens showed the deeds to their children so they would know what the Syversens were doing with the land. The quitclaim deeds as transferred did not retain a life estate in the Syversens. Because there is evidence the Syversens intended to transfer their land in fee simple, the trial court's finding there was no mistake is not clearly erroneous.

### IV

[¶ 11] The Syversens argue the trial court erred in finding that no constructive trust arose in their favor. The trial court concluded no constructive trust arose in the Syversens' favor because they suffered no impoverishment, and therefore

there was no unjust enrichment to bring about a constructive trust. As we recently stated in *Spagnolia v. Monasky,* 2003 ND 65, ¶ 16, 660 N.W.2d 223:

> "A constructive trust has two essential elements: unjust enrichment and a confidential relationship." *Schroeder v. Buchholz,* 2001 ND 36, ¶ 8, 622 N.W.2d 202. "A confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another." *Id.* at ¶ 9 (quoting *Estate of Wenzel–Mosset by Gaukler v. Nickels,* 1998 ND 16, ¶ 25, 575 N.W.2d 425 (N.D.1998) (citations omitted)).... "The existence of a confidential relationship and the existence of an implied trust are questions of fact." *Id.* at ¶ 7. "Unjust enrichment is an equitable doctrine, applied in the absence of an express or implied contract, to prevent a person from being unjustly enriched at the expense of another." *Apache Corp. v. MDU Resources Group, Inc.,* 1999 ND 247, ¶ 13, 603 N.W.2d 891 (quoting *Zuger v. North Dakota Ins. Guar. Ass'n,* 494 N.W.2d 135, 138 (N.D.1992)). "The determination of unjust enrichment is a conclusion of law and is fully reviewable on appeal." *BTA Oil Producers v. MDU Resources Group, Inc.,* 2002 ND 55, ¶ 37, 642 N.W.2d 873, *cert. denied,* — U.S. ——, 123 S.Ct. 436, 154 L.Ed.2d 331 (2002).

One of the elements necessary to prove unjust enrichment is impoverishment. *Schroeder v. Buchholz,* 2001 ND 36, ¶ 15, 622 N.W.2d 202. *Spagnolia,* 2003 ND 65, at ¶ 16, 660 N.W.2d 223, continues:

> Parties to a contract have a "remedy at law for enforcement of the contract or damages flowing from any contractual breach." *Id.* at ¶ 18. "[T]here can be no implied-in-law contract" to prevent unjust enrichment "when there is an express contract between the parties

relative to the same subject matter." *BTA Oil Producers,* at ¶ 37. " '[W]here, as here, the parties have voluntarily entered into an express written contract which defines the rights of each, unjust enrichment is a non sequitur.' " *Id.* at ¶ 38 (quoting *JN Exploration & Prod. v. Western Gas Res., Inc.,* 153 F.3d 906, 910 (8th Cir.1998)).

The Syversens were not impoverished by the transfer of the land as deeded because they put themselves in a financial position in which they would benefit under Medicaid if Vern Syversen had to enter a nursing home. As the trial court determined, the Syversens also had an express oral contract with their children providing that the children were to pay them rental income from the land. We conclude the Syversens were not impoverished and no constructive trust arose from the transaction. The trial court's finding that no constructive trust arose in the Syversens' favor is supported by the evidence and is not clearly erroneous.

## V

[¶ 12] The trial court's judgment and its denial of the Syversens' motion to alter or amend the judgment are affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.