2007 ND 120

**Delia McGHEE, Plaintiff and Appellant,**

v.

**Rebekah MERGENTHAL, Defendant and Appellee.**

**No. 20060268.**

Supreme Court of North Dakota.

July 25, 2007.

Mark R. Fraase, Johnson, Ramstad & Mottinger, P.L.L.P., Fargo, N.D., for plaintiff and appellant.

Christoper M. McShane, Ohnstad Twichell, P.C., West Fargo, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Delia McGhee appealed from a judgment denying her request for a court order declaring that she holds a life estate interest in a Traill County farmstead. McGhee also appealed from an order denying her post-judgment motion for a new trial or, alternatively, for amendment of the findings and judgment. We affirm the judgment and the court's order denying McGhee's post-judgment motion.

I

[¶ 2] In 1972, McGhee's parents deeded the family farm in Traill County to McGhee's brother, Willard Jennings Mergenthal ("Jennings"). As consideration for the deed, Jennings paid cash, assumed some of the parents' debt obligations, and orally promised that he would maintain the property, pay the property taxes, and allow the parents and McGhee to live on the farmstead for as long as they lived. Jennings received a warranty deed, but it did not reserve a life estate or other interest to the parents or grant any interest to McGhee.

[¶ 3] Both parents died in the 1980s, but McGhee continuously lived on the farm until 1997 when flood damage necessitated that she move until repairs could be made to the home. McGhee applied to the Federal Emergency Management Agency ("FEMA") for funds to defray the costs of repairing the damage. That agency required verification of McGhee's status on the farmstead before issuing funds to her. To help McGhee meet that requirement, Jennings signed a notarized letter stating that McGhee "could live [on the farmstead] as long as [she] lived." Funds were obtained, the property was repaired, and McGhee resumed living on the farmstead until November 2001, when she moved to an apartment, because the farmstead home became uninhabitable due to mold, bat infestation, and additional flood damage.

[¶ 4] In 2004, Jennings and his wife, Mary Mergenthal, deeded the property to their daughter, Rebekah Mergenthal. They issued to her a quitclaim deed, which specifically reserved a life estate for Jennings but did not mention any right by McGhee to reside on the property. Jennings died in October 2004. Rebekah Mergenthal's attorney then sent notice to interested parties, including McGhee, to remove their personal property on the farmstead because the buildings were going to be demolished.

[¶ 5] After receiving notice, McGhee filed this action seeking a declaratory judgment that she has a life estate in the farmstead. After a bench trial, the court concluded McGhee did not have a life estate in the property. The court also concluded Jennings' promise to allow McGhee to live on the farmstead was not a covenant running with the land which would obligate Rebekah Mergenthal to honor the promise. The court held that the 2004 deed conveyed to Rebekah Mergenthal a fee simple title, and judgment was entered

denying McGhee's request for declaratory relief.

[¶ 6] McGhee filed a post-judgment motion seeking a new trial or, alternatively, amendment of the findings and judgment to state that she has a lifetime right to reside on the farmstead. In support of the motion, McGhee argued she was entitled to equitable relief under theories of implied trust and unjust enrichment. McGhee had not raised these arguments during the trial, but in deciding the post-judgment motion the court discussed the merits of McGhee's equitable claims and issued an order denying McGhee's motion.

## II

[¶ 7] On appeal, McGhee raises the following single issue:

Whether the trial court erred because [McGhee] was the beneficiary of an implied trust allowing her to live on and enjoy the farmstead for as long as she lived?

[¶ 8] McGhee raised the theory of implied trust for the first time in her motion for a new trial under N.D.R.Civ.P. 59(b) or, alternatively, to amend the findings and judgment under N.D.R.Civ.P. 52(b).

[¶ 9] The trial court's decision on a motion to alter or amend a judgment rests in its sound judgment and will not be reversed on appeal unless there is a manifest abuse of discretion. *Woodworth v. Chillemi*, 1999 ND 43, ¶ 7, 590 N.W.2d 446. This Court also reviews a trial court's denial of a motion for a new trial under the abuse-of-discretion standard. *State ex rel. Bd. of Univ. and School Lands v. Alexander*, 2006 ND 144, ¶ 7, 718 N.W.2d 2, *cert. denied*, —— U.S. ——, 127 S.Ct. 1360, 167 L.Ed.2d 118 (2007). A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a

rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *City of Bismarck v. Mariner Constr., Inc.*, 2006 ND 108, ¶ 8, 714 N.W.2d 484. Within the context of this limited review, we address McGhee's argument that the trial court erred in failing to impose an implied trust allowing McGhee to live on the farmstead for her lifetime.

## III

[¶ 10] An implied trust is one that is created by operation of law. N.D.C.C. § 59-01-05. There are two types of implied trusts: resulting trusts and constructive trusts. *Spagnolia v. Monasky*, 2003 ND 65, ¶ 15, 660 N.W.2d 223. An implied trust, whether resulting or constructive, must be established by clear and convincing evidence. *Schroeder v. Buchholz*, 2001 ND 36, ¶ 5, 622 N.W.2d 202

### A

[¶ 11] In her brief supporting the post-judgment motion, McGhee argued the trial court should impose a resulting trust against Rebekah Mergenthal:

[T]he evidence would clearly indicate a resulting trust under the law. The acts and expressions of the parties have continually indicated an intent that such a relationship existed. Jennings Mergenthal held title to the land but allowed his sister to remain there. The land benefitted from her improvements and her attention. At no time did Jennings Mergenthal attempt to remove his sister from the property. Rebekah Mergenthal voluntarily assumed the relation of personal confidence with Delia McGhee when she accepted delivery of the deed.

In denying the motion, the trial court reasoned:

[McGhee] makes several new arguments in support of [her] post-trial mo-

tion. [McGhee] argues that Delia is a third party beneficiary of Jennings Mergenthal's promise to [Willard] and Lillian Mergenthal that Delia could live on the farmstead for the rest of her life. The Court agrees. However, this was Jennings Mergenthal's promise, not Rebekah Mergenthal's promise. Jennings Mergenthal's promise did not run with the land, and therefore, Rebekah Mergenthal cannot be held responsible for any promise that Jennings Mergenthal made.

[¶ 12] Whether or not a resulting trust has been created is primarily a question of intention. *Zundel v. Zundel,* 278 N.W.2d 123, 128 (N.D.1979); N.D.C.C. § 59-01-06(4). A resulting trust stems from acts or expressions of the parties indicating an intent that a trust relation result from their transaction. *Paulson v. Meinke,* 389 N.W.2d 798, 800 (N.D.1986). Imposition of a resulting trust gives a vague or incomplete agreement the substance that was originally intended by the parties. *Id.* The intention to create a trust must be present at the time the property is conveyed. *See Scheid v. Scheid,* 239 N.W.2d 833, 837 (N.D.1976).

[¶ 13] McGhee did not try this case on a theory of implied trust and did not present argument at trial that Willard and Lillian Mergenthal's intentions were to create a trust relationship between Jennings and McGhee when they deeded the property to Jennings in 1972. The trial court found that although Jennings had made a personal promise to allow McGhee to reside on the farmstead, his promise was not a covenant running with the land and did not create a trust relationship. In a case like this, an implied trust would contradict the record title to the property, and the evidence to create an implied trust must be clear and convincing. *Durward v. Nelson,* 481 N.W.2d 586, 588

(N.D.1992). The court did not find the evidence was clear and convincing that Willard and Lillian Mergenthal intended to create a trust relationship between Jennings and McGhee. Having reviewed the record, we conclude the trial court did not abuse its discretion in denying McGhee's request for a new trial or for amended findings on a theory the property was held with a resulting trust.

### B

[¶ 14] In support of her motion, McGhee also argued the trial court should impose a constructive trust:

> Furthermore, the facts clearly support a finding of a constructive trust. The confidential relationship is clearly established. Even prior to the deeding of the land to Jennings Mergenthal, he was greatly involved with his parents and his sister in maintaining and farming the land. After he received the deed from the land he continued to ensure and protect his sister's right to live on and use the property. Rebekah Mergenthal would be unjustly enriched at the expense of Delia McGhee if she were allowed to remove Delia from the property after Delia's contributions, maintenance, and improvements of the property. Delia would be impoverished, losing the valuable right to the use of the property in which she made great investments, financially, physically, and emotionally. And there is no justification for the enrichment or the impoverishment.

[¶ 15] In denying McGhee's motion, the court reasoned in its memorandum opinion:

> [McGhee] cites N.D.C.C. § 59-01-06(2), arguing that one who gains a thing by fraud, accident, mistake, undue influence, or the violation of a trust or other wrongful act is an implied trustee of the

thing gained for the benefit of the person who would otherwise have had it. Here, however, Rebekah was not a party to any promises that Jennings made.... If some provision should have been made to allow Delia McGhee to continue to reside on the property after Jennings['] death, this was Jennings' responsibility. This responsibility cannot be passed on to Rebekah Mergenthal.

Finally, [McGhee] argues unjust enrichment. This also was a new theory presented in the post-trial motion.

In any event, at the trial of this case there was no evidence presented on what the value of the house and buildings were at the time of trial, compared to what the value of the house and buildings were at the time Delia began living on the property after her parents passed away. The testimony at trial was that Rebekah planned on destroying the house and the outbuildings. The Court concludes that [McGhee] has not proved that Rebekah Mergenthal was unjustly enriched.

[¶ 16] A constructive trust has two essential elements: an unjust enrichment and a confidential relationship. *Spagnolia v. Monasky,* 2003 ND 65, ¶ 16, 660 N.W.2d 223. A confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another. *Id.* The essential element of recovery under unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value. *Schroeder v. Buchholz,* 2001 ND 36, ¶ 14, 622 N.W.2d 202. Five elements must be established to prove unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law. *Id.* at ¶ 15.

[¶ 17] We agree with the trial court that McGhee failed to present clear and convincing evidence of a constructive trust. The evidence does not demonstrate an unjustified enrichment to Rebekah Mergenthal or an impoverishment to McGhee within a confidential relationship between the two. Having reviewed the record evidence submitted at the trial by McGhee, we conclude the trial court did not abuse its discretion in denying the motion for a new trial or amended findings on a theory of constructive trust.

C

[¶ 18] McGhee also asserts an implied trust should be imposed against the property held by Rebekah Mergenthal under N.D.C.C. § 59-01-06(3), which provides:

An implied trust arises in the following cases:

· · ·

3. Each one to whom property is transferred in violation of a trust holds the same as an implied trustee under such trust, unless the person purchased it in good faith and for a valuable consideration.

McGhee argues Jennings held the farmstead in trust for McGhee to live there for her lifetime and Jennings' transfer of the property to Mergenthal violated that trust. She asserts Mergenthal received the property as a gift knowing it was encumbered and is not a person who purchased the property "in good faith and for a valuable consideration." McGhee asserts Mergenthal is, therefore, obligated under N.D.C.C. § 59-01-06(3) to allow McGhee to continue residing on the property.

[¶ 19] We have concluded the trial court did not err in deciding Jennings did not hold the property with an implied trust

to allow McGhee to reside on the farm-stead. Consequently, Jennings' transfer of the property to Rebekah Mergenthal was not in violation of a trust, resulting in any obligation upon her under N.D.C.C. § 59–01–06(3).

IV

[¶ 20] We conclude the trial court did not err in deciding McGhee failed to meet her heavy burden in this case of proving by clear and convincing evidence the existence of an implied trust. We, therefore, conclude the trial court did not abuse its discretion in denying McGhee's post-judgment motion for amended findings or, alternatively, a new trial, and we affirm the judgment and the order denying the post-judgment motion.

[¶ 21] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, DANIEL J. CROTHERS, DALE V. SANDSTROM, JJ., concur.