1997 ND 32

**George F. OPP, d/b/a Opp Well Drilling & Supplies, Plaintiff, Appellee and Cross–Appellant,**

v.

**Ethel MATZKE, Kenneth Matzke, Defendants,**

**Ruby Hoger and Daniel Hoger, Defendants, Appellants and Cross–Appellees.**

**Civil No. 960313.**

Supreme Court of North Dakota.

Feb. 27, 1997.

Michael L. Halpern, Halpern Law Office, Glen Ullin, for plaintiff, appellee and cross-appellant.

Jos. A. Vogel, Jr., Vogel Law Firm, Mandan, for defendants, appellants, and cross-appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Ruby and Daniel Hoger, the defendants, appealed from the trial court's grant of summary judgment in favor of the plaintiff, George Opp, d/b/a Opp Well Drilling & Supplies, (Opp). The trial court found Ethel and Kenneth Matzke, co-defendants, and Ruby Hoger jointly liable for the cost of drilling a water well. The trial court found Daniel Hoger was never properly served, and denied Opp's summary judgment motion against Daniel. Opp cross appealed, claiming the trial court had jurisdiction over Daniel, based on his co-tenancy with Ruby, and, thus, Daniel was also liable for the costs of the well. We affirm in part, reverse in part and remand.

[¶ 2] In 1990, Kenneth Matzke asked Opp to drill a well and install a pump system on the Matzke's land in Oliver County. Ethel and Kenneth, mother and son, owned the land with Ruby Hoger, Ethel's daughter and Kenneth's sister, as tenants in common, each with a 1/3 interest. Opp agreed to do the work and upon completion requested payment of $5,757.91 from Kenneth. Despite repeated requests for payment, Opp never received compensation for labor or materials used in the project. Ethel and Kenneth claimed the payment was owed by a coal company that drilled test holes and caused the previous water well to fail.

[¶ 3] In October of 1992, Ethel and Kenneth conveyed their interest in the land containing the well to Ruby and Daniel Hoger as joint tenants. At the time of the conveyance, Ethel Matzke was infirm and Kenneth was unemployed. Ethel and Kenneth remained on the property.

[¶ 4] Opp initiated this action in December of 1995 by serving a summons and complaint on Ethel, Kenneth, and Ruby, alleging the defendants breached the contract to pay for the well. Ethel and Kenneth failed to answer, but Ruby responded in January 1996. Opp moved to amend the complaint and add Daniel as a defendant. The amended complaint included an alternative theory for recovery, unjust enrichment. The amended complaint was never served on any of the defendants. Nevertheless, a response to Opp's motion to amend was filed in March, which stated, "COME NOW the Defendants, Ruby Hoger and Daniel Hoger ... stat[ing] that they do not object to the amendments set forth by Plaintiff in the Amended Complaint."

[¶ 5] Opp made a motion for summary judgment in June 1996, and a hearing was held on the motion in August. The trial court denied summary judgment as to Daniel Hoger because it was never established Daniel was served with the amended complaint and he did not appear at the hearing to resist the summary judgment motion. Judgment, however, was entered against the other three defendants and they were required to pay $5,757.91, plus interest. The trial court found Ethel and Kenneth were "wholly in default" for their failure to respond. As to Ruby Hoger, the trial court stated there was no evidence of service of the amended complaint, but because she appeared to challenge the summary judgment motion, summary judgment was granted against her under a theory of unjust enrichment. In finding Ruby was unjustly enriched, the trial court took judicial notice a water well in rural Oliver County has value, and to allow the well to remain without compensating Opp would amount to unjust enrichment. The Hogers challenge the trial court's finding of unjust enrichment, and Opp challenges the trial court's ruling Daniel Hoger was not a party to the action. We consider first the Hoger's contentions.

I

[¶ 6] Summary judgment is a procedure for disposing of a lawsuit promptly and without a trial. *P.E. v. W.C.*, 552 N.W.2d 375, 380 (N.D.1996). Summary Judgment is proper, if, after viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact. *Diegel v. City of West Fargo*, 546 N.W.2d 367, 370 (N.D.1996). We will therefore not reverse a summary judgment unless, in viewing the evidence in a light most favorable to the non-moving party, we determine there is a genuine issue of material fact which should preclude summary judgment. *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D.1985).

[¶ 7] The trial court held there was no contract between Ruby and Opp. The trial court, citing *Adamsen Construction Co. v. Altendorf*, 152 N.W.2d 576, 579 (N.D.1967), stated that one co-tenant could not bind another co-tenant to a contract which the latter did not ratify. The Matzke's decision to hire Opp to drill the well, the trial court found, could not bind Ruby, because she did not have knowledge of the well at the time of its drilling. Therefore, although Opp had a legal remedy against the Matzkes, he did not have one against Ruby, and Opp's only remedy as to Ruby was in equity.

[¶ 8] There are five essential elements necessary to prove unjust enrichment. *A & A Metal Buildings v. I–S, Inc.*, 274 N.W.2d 183, 189 (N.D.1978). These five elements are: "1. An enrichment; 2. An impoverishment; 3. A connection between the

enrichment and the impoverishment; 4. Absence of a justification for the enrichment and impoverishment; and 5. An absence of a remedy provided by law." *Id.* at 189 (citing *Abbeville Lumber Co. v. Richard,* 350 So.2d 1292, 1300 (La.Ct.App.1977)). The principle of unjust enrichment provides a basis for requiring restitution of benefits conferred in the absence of an expressed or implied contract. *Sykeston Township v. Wells County,* 356 N.W.2d 136, 140 (N.D. 1984). A trial court's finding of unjust enrichment is a matter of law and is fully reviewable by this court. *Matter of Estate of Hill,* 492 N.W.2d 288, 295 (N.D.1992).

[¶ 9] Ruby argues she cannot be unjustly enriched because the well has no value. She contends the trial court improperly took judicial notice when it found a water well in rural Oliver County has value. We review a trial court's decision to take judicial notice of evidence presented under an abuse of discretion standard.[1] *Gronneberg v. Hoffart,* 466 N.W.2d 809, 811 (N.D. 1991).

[¶ 10] We believe it is clear a water well for domestic use in a rural part of this state will have some value. As the trial court noted, this value may be intrinsic, but value nonetheless. Ruby argues "[t]he value of a water well is in the eyes of the beholder. To a cattleman who needs water for livestock it may be an improvement to the land. To a farmer cultivating dirt, it is an obstruction worse than a rock because more expense is required to remove it." Ruby contends once the property is vacated, the farmstead will be removed and all the property will be turned into farmland. The trial court, however, correctly noted the value of the well is not measured by the occurrence of some future event. The well provided the only source of water for domestic use on the property. We agree with the trial court's finding the well has value.

[¶ 11] Even if we agree with the trial court and conclude the well has value, Ruby contends she is nevertheless, not unjustly

enriched by it. She reasons because she does not live on the property, she receives no benefit from the well. We are not persuaded. The well benefits the land; Ruby receives a benefit by the fact she provides her mother and brother a place to live on the property. Because Ruby provides her family a place to live on the property, Ruby benefits from the well.

[¶ 12] Ruby also contends the equitable concept of unjust enrichment does not apply because Opp had a legal remedy against the Matzkes prior to the time they transferred the property to her, i.e., Opp could have levied a mechanic's lien. *See* N.D.C.C. Chapter 35–27. But, the transfer of the property which Ruby Hoger accepted, eliminated that remedy.

[¶ 13] Our concern as to a remedy is that Opp may have a legal remedy against Ruby. In his cross appeal, Opp contends Ruby, as a co-tenant with knowledge of the well, ratified the contract. *Cf. Adamsen Construction Co.,* 152 N.W.2d at 579 (complaint did not allege co-tenant had knowledge of improvements to property). *Accord Olson v. Fraase,* 421 N.W.2d 820, 830 (N.D.1988). The issues of authorization or ratification may ordinarily be questions of fact, preventing summary judgment. But authorization or ratification may be presumed if the contract is beneficial to all co-tenants, and, in the absence of any evidence to the contrary, it may be presumed that an act of one co-tenant favorable to all was done with the knowledge and consent of the co-tenants. 20 Am.Jur.2d *Cotenancy and Joint Ownership* §§ 102, 125 (1995).

[¶ 14] Here, the Hogers filed an affidavit stating "[t]he Hogers were aware that the Matzkes lost a well on the property when a coal company drilled test holes on the property. Also, that the Matzkes hired somebody to drill a well to provide water for household use."

[¶ 15] This statement was plainly insufficient to rebut the presumption. Rule 301,

---

1. A trial court's power to take judicial notice of adjudicated facts is governed by Rule 201, N.D.R.Evid. Rule 201 provides, in part, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) general-ly known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

N.D.R.Evid. Therefore it appears the Hogers may be obligated to Opp directly rather than on a theory of unjust enrichment. Insofar as both theories appear to rest on benefit to the Hogers, and because we conclude there was a benefit to all co-tenants, we do not further consider the theory of recovery.

## II

 [¶ 16] Opp contends Daniel Hoger should be included as a party and the trial court wrongly denied summary judgment against Daniel. The trial court found Opp never served Daniel directly with any pleading throughout this action. This includes the amended complaint, filed in March 1996, which added Daniel Hoger as a defendant. Opp served the amended complaint on Ruby's attorney, who later stated at the summary judgment hearing he was "representing Ruby and, of course, Daniel also signed the affidavit." Furthermore, Daniel involved himself in the litigation by answering interrogatories. Despite these actions, it appears the trial court was concerned it did not have jurisdiction over Daniel because he never submitted an answer to the amended complaint. The trial court concluded it lacked personal jurisdiction over Daniel despite Ruby's attorney's statements, that "I should have put an answer in on that, Your Honor. It is an oversight on my behalf. I certainly make the appearance on behalf of Daniel also."

[¶ 17] Rule 4(b)(4), N.D.R.Civ.P., provides, "[a] court of this state may acquire personal jurisdiction over any person through service of process as provided in this rule or by statute, or by voluntary general appearance in an action by any person either personally *or through an attorney* or any other authorized person." (emphasis added) Mr. Vogel asserted he represented Daniel during the summary judgment hearing. That assertion has not been withdrawn or denied and it gave the court jurisdiction over Daniel. Daniel knew of the suit. He signed an affidavit, with Ruby, stating they had no idea payment was due on the well. This affidavit was submitted following the amended complaint. Daniel also participated in answering interrogatories. Although Daniel never submitted an answer, he consented to his addition as a party by his involvement. Under

these facts, the trial court should have ordered summary judgment against Daniel.

[¶ 18] We affirm the summary judgment against Ruby and we reverse the trial court's denial of summary judgment as to Daniel Hoger. Upon remand, we instruct the trial court to enter judgment against Daniel Hoger.

[¶ 19] MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.