1997 ND 124

Charles BIGWOOD, Steve Zoucha, Rick Krueger, Mary Krueger, Dennis Holtz, Koyla Holtz, Mel Tangen, and Tim Schmidt, Plaintiffs and Appellants

v.

CITY OF WAHPETON, a Municipal Corporation, Wahpeton Community Development Corporation, and Douglas A. Carlson Development, Inc., Defendants and Appellees

Civil No. 970003.

Supreme Court of North Dakota.

June 24, 1997.

A.W. Stokes, Stokes Law Offices, Wahpeton, for plaintiffs and appellants.

Steven J. Lies, Lies, Bullis & Lindberg, Wahpeton, for defendant and appellee City of Wahpeton.

Roger C. Justin, Rinke–Noonan Law Offices, St. Cloud, for defendants and appellees Wahpeton Community Development Corporation and Douglas A. Carlson Development, Inc.

VANDE WALLE, Chief Justice.

[¶ 1] Charles Bigwood, Steve Zoucha, Rick Krueger, Mary Krueger, Dennis Holtz, Koyla Holtz, Mel Tangen, and Tim Schmidt, the plaintiffs, appealed from the judgment entered on the trial court's order granting summary judgment to the defendants, the City of Wahpeton, the Wahpeton Community Development Corporation, and Douglas A. Carlson Development, Inc. The plaintiffs contend the City did not follow proper procedure in rezoning portions of Wahpeton's industrial park. We affirm the judgment.

[¶ 2] The plaintiffs are owners of industrial property located in an industrial park on the south side of the City of Wahpeton, North Dakota (City). The plaintiffs individually

own Lots Nine, Ten, Eleven, and Twelve of Block One, and Lots Three and Four of Block Two of the industrial park subdivision. This area of the city was designated, in 1968, for light industrial use as part of the City's comprehensive master plan. The land for the subdivision is owned by the Wahpeton Community Development Corporation (Wahpeton CDC). Each plaintiff purchased their property in the industrial park during 1979. In 1987, the property was officially platted as the Industrial Park Subdivision. All the property in the subdivision is currently zoned for industrial and business use, except for Lots Five and Six of Block One and Lot One of Block Two which were rezoned in 1994 and contain multi-family dwellings, and Lots Fifteen and Sixteen of Block One, which have a single-family home, built prior to 1968.

[¶ 3] In 1995, defendant Douglas A. Carlson Development, Inc. (Carlson), a Minnesota construction company, purchased from the Wahpeton CDC, Lots Nineteen and Twenty of Block One and Lots Six and Seven of Block Two for the purpose of constructing low income housing, a construction plan which would qualify for the North Dakota Low–Income Housing Project. These lots were originally zoned for light industrial use and are located near the plaintiffs' property but do not abut any lot owned by the plaintiffs.

[¶ 4] Apparently as a condition of the sale, the Wahpeton CDC submitted a request to the Wahpeton Planning Commission (Planning Commission) of the Wahpeton City Council (City Council) to rezone the property for residential, multi-family use. The Planning Commission notified the City Council it intended to hold, on February 5, 1996, a public hearing on the matter. Notices of this hearing were published in the Wahpeton Daily News on January 24 and January 31, 1996.

[¶ 5] Several of the plaintiffs attended this hearing and the zoning request was discussed at length. The Planning Commission decided to delay a vote on the matter until February 20 to obtain more information and to allow the Commissioners to visit the site. Immediately following the Planning Commission's hearing, the full City Council met and, following a report stating the Planning Commission did not act on the rezoning request, the City Council heard arguments and discussed the issue. The City Council, like the Planning Commission, did not act on the request, delaying a vote until further information could be reviewed.

[¶ 6] On February 20, 1996, the Planning Commission met and again discussed the rezoning request. The Commission rejected the rezoning proposal by a vote of 4 to 2. Later that same day the City Council met, and, with knowledge of the results of the Planning Commission's vote, discussed the rezoning request. The City Council entertained a first reading of Ordinance No. 751, the proposed rezoning of the lots in question.

[¶ 7] The Planning Commission met on March 4, 1996 and again discussed the rezoning issue and, again, opposition was raised by the plaintiffs. The president of the Planning Commission stated the previous "recommendation" would stand. No further formal action was taken. The City Council, again, with knowledge of the Commission's action, discussed the issue at the Council meeting on the same day. Ordinance No. 751 was read for the second time. Following debate, Ordinance No. 751 was approved by a 5 to 3 vote.

[¶ 8] The plaintiffs' started this action in late March, seeking a declaration Ordinance No. 751 was null and void because the City Council did not follow the proper procedure and notice requirements for rezoning as outlined by the Wahpeton City Code. The plaintiffs argued the procedures used were arbitrary, capricious, and unreasonable thereby violating due process. Moreover, the plaintiffs maintained the rezoning of the lots amounted to spot zoning. The defendants moved for summary judgment, to which the plaintiffs responded with their own motion for summary judgment. The trial court granted summary judgment in favor of the defendants, stating,

"[i]t is clear to the Court that the notice does show a change in zoning from I–1 to R–3. The evidence also reveals that the City did comply with the scheduling of and holding the hearing as well as its reading and voting procedure. The Court does not find a violation of due process."

**I**

[¶ 9] Summary judgment is a method of disposing of a lawsuit promptly without a trial. *Opp v. Matzke*, 1997 ND 32, ¶ 6, 559 N.W.2d 837, 839. Summary judgment is proper, if, after viewing all the evidence in a light most favorable to the non-moving party, the court determines there is no genuine issue of material fact. Rule 56(c), N.D.R.Civ. P., *Diegel v. City of West Fargo*, 546 N.W.2d 367, 370 (N.D.1996). We will not reverse a trial court's grant of summary judgment unless, after reviewing the record, we believe a genuine issue of material fact exists. *Opp*, 1997 ND 32, ¶ 6, 559 N.W.2d at 839 (citing *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D.1985)). Summary judgment also allows for disposal of a controversy if either party is entitled to judgment as a matter of law. *Chapman v. Wells*, 557 N.W.2d 725, 730 (N.D.1996).

**II**

[¶ 10] A city has the authority to zone the property located within the city's limits to promote the health, safety, morals, or general welfare of the city. N.D.C.C. § 40–47–01; *Munch v. City of Mott*, 311 N.W.2d 17, 20 (N.D.1981). However, cities are creatures of statute and all power and authority must be derived from the legislature. *Ebach v. Ralston*, 469 N.W.2d 801, 804 (N.D.1991); *Munch*, 311 N.W.2d at 20 (citing *Roeders v. City of Washburn*, 298 N.W.2d 779, 782 (N.D.1980)). Enactment of municipal ordinances are legislative functions, but interpretations of these ordinances by the municipality's governing body are quasi-judicial acts. *Munch*, 311 N.W.2d at 22. In reviewing the action of a city council, courts do not substitute their judgment for that of the council, but rather review the council's actions to determine if they were arbitrary, capricious, or unreasonable. *City of Fargo v. Ness*, 529 N.W.2d 572, 576 (N.D.1995); *Pic v. City of Grafton*, 460 N.W.2d 706, 710 (N.D. 1990); *Munch*, 311 N.W.2d at 22. If the city's action is supported by the record, and if its interpretation of the city's ordinance is correct, courts will not overrule the decision of the city council.

**III**

[¶ 11] The plaintiffs rely on Wahpeton City Code § 16–547, which states, the city council shall:

"[A]ppoint a commission, to be known as the City Planning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein.... Such Commission shall make a preliminary report and hold public hearings thereon before submitting its final report. *The City Council shall not hold its public hearings or take action until it has received the final report* of the City Planning Commission ...." (emphasis added).

This provision is based on N.D.C.C. § 40–47–06, and the plaintiffs argue the City violated this procedure when it scheduled a public hearing on the rezoning ordinance before the City Council on the same day as the Planning Commission met. The plaintiffs contend by scheduling a meeting on January 17, to discuss the ordinance on February 5, the City's procedure was violated because the scheduling of a meeting constitutes an "action" within the meaning of § 16–547.

[¶ 12] But, this proceeding is governed not by section 16–547, but by Wahpeton City Code § 16–541, which states:

"Whenever the public necessity, safety, general welfare or good zoning practice justifies such action, and after consideration and recommendation by the City Planning Commission as provided herein, the City Council may change zone district boundaries ... after public hearing for which public notice is given as provided in section 16–546.... No regulation, restriction, or boundary shall become effective until after a public hearing thereon at which parties in interest and citizens shall have an opportunity to be heard. Notice of said hearing shall be published once a week for two (2) successive weeks prior to the time set for said hearing in the official newspaper ·of the City. Such notice shall contain the following items:

1. The time and place of the hearing.

2. A description of any property involved in any zoning change, by street

address if streets have been platted or designated in the area affected.

3. A description of the nature, scope, and purpose of the proposed regulation, restriction, or boundary.

4. A statement of the times at which it will be available to the public for inspection and copying at the office of the City Auditor.

    * * * " 1

[¶ 13] Section 16–541 describes the procedure for amending existing zoning plans. The plaintiff's reliance on section 16–547 is misplaced, for, by its terms, it establishes the procedure to create "boundaries of the *various original districts* and appropriate regulations to be enforced therein . . . ." (emphasis added). Section 16–547 does not govern the procedure for amending existing zoning ordinances. That procedure is prescribed in section 16–541.

[¶ 14] The City, in dealing with the rezoning request, followed the procedure described in section 16–541. Notice of the hearing to be held on February 5 was published in the Wahpeton Daily News on January 24 and 31, 1996. This notice met the requirements of section 16–541. Section 16–541 does require a recommendation from the Planning Commission before the City Council changes zoning regulations but the procedure does not require a final report prior to holding hearings on the matter. The Planning Commission held hearings on the matter and finally determined to oppose the change on February 20. Despite reconsideration of this matter on March 4, the Commission's minutes reflect "there will be no change in the Planning Commissions recommendation. . . . The Commission will still oppose the zone change." This recommendation was reported by Commissioner Keogh to the City Council on March 4. The City Council chose to reject the Commission's recommendation and adopted the zoning change later the same day.

[¶ 15] Although the penultimate sentence of section 40–47–06, N.D.C.C., does provide the governing body "shall not hold its public hearings or take action until it has received the final report of the zoning commission[,]" we construe that section to apply to the establishment of the original zoning plan. Statutes are construed as a whole, *e.g., State v. Erickson,* 534 N.W.2d 804, 807 (N.D. 1995), and our conclusion section 40–47–06 applies only to the original establishment of the zoning regulations is based on the first sentence of the section which states the "governing body of a city desiring to avail itself of the powers conferred by this chapter shall appoint a commission . . . to recommend the *boundaries of the various original districts and appropriate regulations to be enforced therein.*" (emphasis added). Because words in the Code are generally construed according to their plain, ordinary, and commonly understood meaning, *e.g., Basin Elec. Power Coop. v. North Dakota Workers Compensation Bureau,* 541 N.W.2d 685, 689 (N.D. 1996), and because the mention of one thing in a statute implies the exclusion of another, *Little v. Tracy,* 497 N.W.2d 700, 705 (N.D. 1993), the use of the words "boundaries of the various original districts . . ." limits the provision of the section to the original establishment of zoning boundaries and regulations.

[¶ 16] Wahpeton City Ordinance section 16–547 is in accord with section 40–47–06 and, as we have already concluded, section 16–547 applies to the creation of the original zoning districts. It is clear the City, in enacting its zoning scheme, adhered to the statutory dictates established by the Legislature in its enactment of Chapter 40–47, N.D.C.C. The City did not violate its procedural rules in adopting the zoning changes. Because the City Council's action was governed by Wahpeton City Code § 16–541 rather than section 16–547, the plaintiff's contention that scheduling a hearing is an "action" under section 16–547 is not relevant to our decision here.

[¶ 17] The plaintiffs also maintain the City violated their due process rights by adopting the rezoning ordinance because

---

1. The Ordinance complies with sections 40–47–04 and 40–47–05, N.D.C.C., governing the amendments to or repeal of zoning regulations.

proper notice of the hearing on the issue was not given. The plaintiffs contend because adequate notice was not given, they were unaware of the events developing around them, and did not attend the hearing at which the City Council voted to adopt Ordinance No. 751. Had they known of the Council's intent to take action on the rezoning issue, the plaintiffs argue, they would have attended and voiced their concerns.

[¶ 18] Public notice of the hearing was given on January 24 and 31, 1996 in the Wahpeton Daily News. The notice stated:

PUBLIC NOTICE

CITY OF WAHPETON

NOTICE OF HEARING—ZONING

(Lots 19 and 20 Block 1 and
Lots 6 and 7 Block 2)

PLEASE TAKE NOTICE that the City Council of the City of Wahpeton will be holding a hearing for zoning of the following described tracts lying within the City of Wahpeton as more fully described below from I–1 to R–3 on the 5th Day of February, 1996 at 5:00 p.m. at the City Council Chambers located in City Hall in the City of Wahpeton, North Dakota:

Lots Nineteen (19) and Twenty (20), Block One (1) and Lots Six (6) and Seven (7), Block Two (2), all in the South Industrial Park Subdivision....

Dated at Wahpeton, North Dakota this 17th day of January, 1996.

/s/ Arden C. Anderson

City Auditor

Wahpeton, North Dakota

[¶ 19] We believe notice was adequate. Section 16–541 requires public notice be published two weeks prior to any public hearings and the notice contain specific information, such as time of hearing, an adequate description of the property to be rezoned, description of the zoning change or restriction, and times when the property will be available for inspection by the public.

[¶ 20] The notice the City published in the Wahpeton Daily News met the requirements of section 16–541. It was adequate, providing fair notice to the plaintiffs. Notice published in the official city newspaper is valid even though the notice is not in strict compliance with the city's ordinance. 8A Eugene McQuillin, The Law of Municipal Corporations § 25.249 at 288 (Julie Rozwadowski and James Solheim, eds. 1994). A city council is a legislative, not judicial body, receiving its power from the state legislature. *Munch*, 311 N.W.2d at 21–22. Provided the notice follows the legislative dictates and gives "the average reader reasonable warning that property in which the reader has an interest may be affected by the proposed zoning legislation, and affords that person an opportunity by the exercise of reasonable diligence to determine whether such is the fact[,]" the notice will be sufficient. 8A McQuillin, § 25.249 at 288. The notice the City gave adequately informed the interested parties. Although the City did not give notice as to the date of the vote, the statute and ordinances only require notice as to the date of the public hearing on the matter, and the notice given complies with this requirement.

IV

[¶ 21] The plaintiffs further maintain the City's actions amount to "spot zoning." Spot zoning occurs when an individual lot or small area is signaled out for "discriminatory or different treatment from that accorded surrounding land which is similar in character." *Gullickson v. Stark County Board of County Comm'rs*, 474 N.W.2d 890, 894 (N.D. 1991) (quoting 2 E. Yokley, *Zoning Law & Practice* § 13–2 (4th ed. 1978)). In *Gullickson*, we quoted *Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E.2d 35, 45 (1972) stating:

"'A zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called "spot zoning." It is beyond the authority of the municipality, in the ab-

sence of a clear showing of a reasonable basis for such distinction.' "

*Gullickson*, 474 N.W.2d at 894. The characteristics of spot zoning include: 1) The use is different from the prevailing use of the area; 2) the area rezoned is small, and; 3) the classification benefits a particular landowner. 8 McQuillin, § 25.83 at 307 (J. Jeffery Reinholtz and Timothy P. Burr, eds. 1991). A relevant inquiry is whether the ordinance is solely for the benefit of a landowner or "whether it is pursuant to a comprehensive plan for the general welfare of the community." *Id.* § 25.84 at 320.

[¶ 22] Although Ordinance No. 751 allows a developer to build apartments on land purchased from the City, the benefit was not solely for the developer, because the apartments provided low income housing, a recognized need in the Wahpeton–Breckenridge area. Significantly, there is property within the industrial park which already contains multi-family apartments permitted by rezoning in 1994. The proposed apartments at issue here are similar in nature to already-existing structures within the subdivision. Moreover, the rezoning plan is not a variance for a single lot, as in *Gullickson,* but rather a change involving several contiguous lots in the subdivision. The rezoning plan at issue is not spot zoning.

[¶ 23] Because the City acted with the general welfare of its citizens in mind and did not deprive the plaintiffs of the due process rights, we affirm the decision of the trial court granting summary judgment in favor of the defendants.

[¶ 24] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.